ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HYUNSEOUNG CHOI**<br>*Plaintiff*,<br>-v-<br>**STRONG AND SAFE NEW YORK INC.**, a Delaware corporation<br>and<br>**ATLAS STRATEGY GROUP LLC**, a Texas limited liability company,<br>*Defendants*. | Case # ______________________<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff HYUNSEOUNG CHOI ("Plaintiff") respectfully brings this complaint against Defendants STRONG AND SAFE NEW YORK INC. and ATLAS STRATEGY GROUP LLC ("Defendants") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to Plaintiff's cellular telephone number using artificial or prerecorded voices without Plaintiff's prior express consent. Plaintiff seeks injunctive and monetary relief. Plaintiff alleges as follows upon personal knowledge and upon information and belief based on an investigation conducted by himself.

## PARTIES

1. Plaintiff Hyunseoung Choi is a resident of Queens County, New York.

2. Defendant Strong and Safe New York Inc. ("SSNY") is a non-charitable, not-for-profit corporation registered in Delaware.

REC'D IN PRO SE OFFICE
OCT 6 '26 PM12:21

3. SSNY is registered with the New York State Board of Elections ("NYS BOE") as an Independent Expenditure Committee under New York Election Law.

4. Defendant Atlas Strategy Group LLC ("ASG") is a limited liability company registered in Texas.

## JURISDICTION AND VENUE

5. As this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), this Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331.

6. This Court has specific personal jurisdiction over SSNY because SSNY organized and financed a political messaging campaign deliberately directed at New York residents and voters, including Plaintiff.

7. This Court has specific personal jurisdiction over ASG because ASG knowingly contracted to conduct, and did conduct, an MMS messaging campaign directed at New York residents and voters, including the three MMS messages challenged here. The challenged communications expressly concerned New York candidates, New York voters, and New York political issues.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff received the challenged calls at his residence in Queens County, New York, which lies within this District, and a substantial part of the events giving rise to this action therefore occurred in this District.

## INTRODUCTION

9. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. 227(b)(1)(A).

10. Although the TCPA does not expressly address text messages, the Supreme Court has held that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of" the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), as revised (Feb. 9, 2016).

11. Therefore, both voice calls and text calls have the potential to violate the TCPA.

12. A defendant must demonstrate that it obtained the plaintiff's prior express consent before using an automatic dialing system or an artificial or prerecorded voice to contact an individual. See *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

13. The FCC has recognized that political calls to cellular telephones with an artificial or prerecorded voice are prohibited by the TCPA absent express consent of the recipient.[1]

**FACTUAL ALLEGATIONS**

14. Plaintiff is the primary and sole user of his cell phone number (609) xxx-7021 (the "7021 Number").

15. At all relevant times, the 7021 Number was assigned to a cellular telephone service.

16. Plaintiff registered his 7021 Number on the Federal Communications Commission's ("FCC") National Do Not Call Registry ("DNC Registry") on October 19, 2016.

17. An MMS ("Multimedia Messaging Service") message is a type of text call delivered over the cellular telephone network which can carry text calls much longer than conventional text calls (which uses SMS, or "Short Message Service"), as well as audiovisual media files.

[1] FCC Rules for Political Campaign Calls and Texts, https://www.fcc.gov/rules-political-campaign-calls-and-texts (last visited Sept. 27, 2026).

18. On July 30, 2026, Plaintiff received the following MMS message to his 7021 Number from (518) 907-7256:



Everything costs more in Kathy Hochul's New York. Groceries, rent and utility bills keep climbing. More than a million families are behind on their energy bills—and rates are going up again.

But Hochul found $850 million in taxpayer money for a football stadium tied to the company where her husband was a top executive. It's not right.

New Yorkers work hard. You deserve leaders who put you first.

Bruce Blakeman offers a different direction: lower costs, safer communities and a stronger, more affordable New York.

Watch the short video above, then learn more and watch the extended video at HochulMustGo.com.

Paid for by Strong and Safe New York Inc.

Stop=End

19. On August 5, 2026, Plaintiff received the following MMS message to his 7021 Number from (518) 907-7521:




Your electric bill has gone up again! Electricity is up 58% due to Kathy Hochul's disastrous policies -- nearly double the national increase. New York now has the 6th highest electric rates in America.

Meanwhile, high taxes and rising costs are forcing families and neighbors to leave New York. Enough is enough.

Bruce Blakeman offers a different direction for NY. As Nassau County Executive, he blocked property tax increases -- never raised them a dime.

As governor, Blakeman will cut utility bills in half, cut income taxes and put an average of $5,000 back into the pockets of New York families.

Real relief from a leader who has delivered before. That's Bruce Blakeman.

Watch the short video above and learn more at HochulMustGo.com.

Paid for by Strong and Safe New York Inc.

Stop=End

20. On September 17, 2026, Plaintiff received the following MMS message to his 7021 Number from (518) 907-7520:




It's time for Kathy Hochul to stop lying to New Yorkers.

Hochul said she'd take on the utility companies.

But the truth is that under Hochul, your utility rates have gone up 48 times!

It doesn't have to be this way. New York needs a leader. We need Bruce Blakeman.

Bruce Blakeman will cut utility bills in half, protect families from the Hochul rate hikes, and lower the cost of living for every New Yorker. He delivered as Nassau County Executive, and he'll do it as our governor.

📺 Watch the short video above and learn more at HochulMustGo.com.

Paid for by Strong and Safe New York Inc.

Stop=End

21. Each MMS message states that it was "Paid for by Strong and Safe New York Inc." referring to Defendant SSNY.

22. Each MMS message includes a 30-second audio/video file that used an audible artificial or prerecorded voice to deliver a message.

23. Like a conventional voicemail, each of the audio/video files were automatically downloaded and stored to Plaintiff's cell phone without any action taken by Plaintiff.

24. When inspecting the raw files stored on Plaintiff's cell phone, these audio/video files were an inseparable part of the MMS message itself, not merely content that is linked to from the MMS message, and were downloaded at the same time as the textual part of the MMS message.

25. Therefore, each of these MMS message is functionally identical to a caller leaving a voicemail message to a cell phone, which certainly are subject to the same TCPA restrictions.

*See, e.g., Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012) (awarding statutory damages for all calls received, including voicemails).

26. Plaintiff has never had a pre-existing relationship to any Defendant.

27. Plaintiff has never given any Defendant prior express consent (whether orally, in writing, or otherwise) to make any voice calls or text calls (SMS or MMS) to the 7021 Number.

28. Defendants' unauthorized MMS messages harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, took up space on his cell phone, and disturbed the use and enjoyment of his cell phone.

29. Plaintiff felt harassed by the continuing MMS messages.

**THE DEFENDANTS' RELATIONSHIP**

30. The NYS BOE maintains a publicly searchable database of the required 24 hour/weekly expenditure reports that Independent Expenditure Committees must submit regarding its activities.

31. SSNY is one such committee making expenditure reports, under Filer ID #569297.

32. This database reports that SSNY paid $71,500 to "Atlas group" on July 29, 2026 for "MMS Video Texts" (one day before the July 30 text call), and another $72,600 to "Atlas group" on August 6, 2026 for "MMS Texting" (one day after the August 5 text call), both in support of the candidate Bruce Blakeman.[2]

33. Upon information and belief, Defendant ASG sent the offending MMS text calls to Plaintiff's cell phone, and is therefore directly liable for the damages in this action.

34. SSNY states in its reports to the NYS BOE that the mailing address of "Atlas group" is 4250 Fairfax Dr PMB 8467, Ste 600, Arlington, VA 22203.

[2] https://publicreporting.elections.ny.gov/IEPIDA/IEPIDA (Last queried October 4, 2026)

35. When searching for "Atlas group" on the website for the Virginia State Corporation Commission, the name "Atlas Group" is registered as a now-inactive fictitious name for a limited liability company with the same Arlington, VA address listed as its principal office address:[3]

| | | | | | | |
|---|---|---|---|---|---|---|
| 11833974 | Atlas Group | Fictitious Name | Limited Liability Company | No | 4250 Fairfax Dr PMB 8467 Ste 600, Arlington, VA, 22203 - 1665, USA | Inactive |

36. This fictitious name was registered to an entity called "Atlas Strategy Group LLC".

37. The publicly available filings for Atlas Strategy Group LLC on the Virginia State Corporation Commission's website indicate the company was domesticated out of Virginia and re-established as a Texas limited liability company effective December 31, 2025.

38. The Articles of Domestication filed December 30, 2025 were signed "in the name of the Company by" Stephen Puetz, as "Member."

39. The website of the Texas Comptroller shows a Texas LLC by the name of Atlas Strategy Group LLC registered December 22, 2025.[4]

| ATLAS STRATEGY GROUP LLC | |
|---|---|
| **Texas Taxpayer Number:** | 32103567940 |
| **Mailing Address:** | 3748 WROXTON RD<br>W UNIV PL, TX 77005 - 2034 |
| **Right to Transact Business in Texas:** | ACTIVE |
| **State of Formation:** | TX |
| **SOS Registration Status (SOS status updated each business day):** | ACTIVE |
| **Effective SOS Registration Date:** | 12/22/2025 |
| **Texas SOS File Number:** | 0806359756 |
| **Registered Agent Name:** | NORTHWEST REGISTERED AGENT LLC |
| **Registered Office Street Address:** | 5900 BALCONES DRIVE SUITE 100<br>AUSTIN, TX 78731 |

[3] https://cis.scc.virginia.gov/EntitySearch/Index (Last accessed October 4, 2026)
[4] https://comptroller.texas.gov/taxes/franchise/account-status/search/32103567940 (Last accessed October 4, 2026)

40. The timing, description, amount, payee name, and address reflected in SSNY's NYS BOE disclosures, together with the Virginia fictitious-name records identifying "Atlas Group" as Atlas Strategy Group LLC, support the reasonable inference that ASG was the vendor SSNY retained to conduct the MMS campaign that sent the challenged calls.

41. The same page shows a "Public Information Report for Year 2026" showing David C. Polyansky and Stephen Puetz as "General Members" of the entity.[5]

**Public Information Report for Year 2026**

| Title | Name and Address |
|---|---|
| GENERAL MEMBER | **DAVID C. POLYANSKY**<br>3748 WROXTON ROAD<br>HOUSTON, TX 77005<br>**Source:** CPA |
| GENERAL MEMBER | **STEPHEN PUETZ**<br>930 GAGE DRIVE<br>SAN DIEGO, CA 92106<br>**Source:** CPA |

42. The NYS BOE database reports further expenditures paid out to "Atlas group" at the same Arlington, VA address, summarized as follows:[6]

| Date Paid | Amount | Type of Expense |
|---|---|---|
| 7/24/26 | $186,500.00 | Consulting |
| 7/29/26 | $55,000.00 | Promoted Poll |
| **7/29/26** | **$71,500.00** | **MMS Video Texts** |
| 7/29/26 | $45,000.00 | Consulting |
| 7/29/26 | $55,000.00 | 60 Second Video |
| 7/29/26 | $35,000.00 | 30 Second Video |
| 7/29/26 | $50,000.00 | 30 Second Video |
| **8/6/26** | **$72,600.00** | **MMS Texting** |
| 8/6/26 | $50,000.00 | 40 Second Video |
| 8/6/26 | $522,000.00 | 30 Second Video |
| 8/6/26 | $550,000.00 | 30 Second Video |
| 8/6/26 | $75,000.00 | 30 Second Video |
| 8/12/26 | $7,500.00 | Video Production |
| 8/12/26 | $165,000.00 | 30 Second Video |

[5] https://comptroller.texas.gov/taxes/franchise/account-status/search/32103567940 (Last accessed October 4, 2026)
[6] https://publicreporting.elections.ny.gov/IndependentExpenditure/IndependentExpenditure and https://publicreporting.elections.ny.gov/IEPIDA/IEPIDA (Last queried October 4, 2026)

| | | |
|---|---|---|
| 8/12/26 | $170,000.00 | 30 Second Video |
| 8/19/26 | $7,500.00 | Video Production |
| 8/19/26 | $70,000.00 | Video Production |
| 8/19/26 | $150,000.00 | Video Production |
| 8/25/26 | $7,500.00 | Video Production |
| 8/25/26 | $110,000.00 | Payment for future earned media plan in[7] |
| 8/25/26 | $110,000.00 | Moving Billboards |
| 8/25/26 | $150,000.00 | Digital Ad |
| 8/25/26 | $110,000.00 | Billboard |
| 8/25/26 | $229,658.00 | Billboard |
| 9/3/26 | $119,658.00 | Billboard |
| 9/3/26 | $229,658.00 | Billboard |
| 9/10/26 | $200,000.00 | Video Advertisement |
| 9/10/26 | $485,150.00 | Video Advertisement |
| 9/10/26 | $697,600.00 | Video Advertisement |
| 9/10/26 | $85,000.00 | General Consulting |
| 9/25/26 | $60,000.00 | Message Testing Survey |
| 9/27/26 | $359,350.00 | Campaign Consultant |
| 9/28/26 | $75,000.00 | Video |

43. The NYS BOE database further shows two "Weekly Notice of Liabilities Incurred" filings by SSNY to "Atlas group" at the same address, reporting:[8]

a. $448,300 in liabilities incurred for "Ad Buys" on August 11, 2026, and

b. $20,000 in liabilities incurred for "Consulting Video Production" on August 6, 2026.

| Recipient Name | Recipient Address | Date Paid | Amount | Outstanding Amount | Type of Expense |
|---|---|---|---|---|---|
| Atlas group | 4250 Fairfax Dr PMB 8467 Ste 600 Arlington VA 22203 United States | 08/11/2026 | $448,300.00 | $448,300.00 | Ad Buys |
| Atlas group | 4250 Fairfax Dr PMB 8467 Ste 600 Arlington VA 22203 United States | 08/06/2026 | $20,000.00 | $20,000.00 | Consulting Video Production |

[7] [sic]

[8] https://publicreporting.elections.ny.gov/IELiabilitiesIncurred/IELiabilitiesIncurred (Last queried October 4, 2026)

44. Upon information and belief, David C. Polyansky is a former Chief of Staff of United States Senator Ted Cruz (R-TX) and has worked for over six years for Axiom Strategies.[9]

45. Upon information and belief, Stephen Puetz is a partner at Axiom Strategies.

46. Upon information and belief, Axiom Strategies is a large political consulting firm for Republican political candidates across the country.

47. In sum, SSNY's public filings and the identity of ASG's owners reflect an ongoing, deeply integrated campaign relationship between SSNY and ASG encompassing campaign consulting, message testing, video production, advertising, media planning, as well as MMS text marketing.

48. Each text call only states SSNY as the entity which "Paid for" the advertisement, and does not mention ASG.

49. The scope, duration, and integrated nature of ASG's work for SSNY support a reasonable inference that SSNY retained the ability to give ASG interim instructions concerning campaign communications, including their content, timing, targeting, medium, and continuation. Upon information and belief, SSNY exercised or retained such authority with respect to the MMS campaign at issue.

50. SSNY's public filings specifically identify payments to ASG for "MMS Video Texts" and "MMS Texting," in addition to campaign consulting, message testing, video production, advertising, and media planning, further supporting the inference that ASG's MMS activities were integrated into the broader communications campaign it conducted on SSNY's behalf.

51. These facts and circumstances indicate ASG acted with the actual authority of SSNY when sending the violating text calls.

---

[9] https://justwinconsulting.com/home/ (Last accessed October 4, 2026)

52. In the alternative, upon information and belief, SSNY ratified ASG's conduct by accepting the benefits of the MMS campaign and continuing to retain and compensate ASG after the challenged MMS transmissions, with knowledge of the material facts concerning the manner in which the campaign was conducted.

53. SSNY is therefore vicariously liable under federal common law principles of agency for TCPA violations committed by ASG within the scope of its authority or subsequently ratified by SSNY.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. Defendants' actions constitute violations of the TCPA, 47 U.S.C. § 227(b), by making calls, except for emergency purposes, to Plaintiff's cell phone delivering prerecorded messages.

56. Defendants' violations were knowing and/or willful. Among other things, Defendants deliberately caused MMS text calls using a prerecorded or artificial voice to be transmitted to Plaintiff's cell phone number without first obtaining Plaintiff's prior express consent.

57. As a result of Defendants' violations of the TCPA, Plaintiff is entitled to an award of $500 for each violation pursuant to § 227(b)(3)(B), and up to $1,500 per violation for knowing or willful violations.

58. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from

violating the TCPA by making calls, except for emergency purposes, to Plaintiff's cell phone number using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor and against Defendants;

B. Award $500 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii), increased up to $1,500 per violation for knowing or willful violations, pursuant to 47 U.S.C. § 227(b)(3);

C. Enter appropriate injunctive relief prohibiting Defendants from making further calls to Plaintiff's cellular telephone number in violation of 47 U.S.C. § 227(b);

D. Award Plaintiff costs of this action to the extent permitted by law; and

E. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: October 5, 2026

**By: HYUNSEOUNG CHOI**
**Plaintiff,** ***pro se***
43-10 Crescent St. Apt. 2705
Long Island City, NY 11101
hschoi9898@gmail.com
(401) 484-8243

Revised 7.16.2026; Effective 7.16.2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hyunseoung Choi

**(b)** County of Residence of First Listed Plaintiff: Queens County, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS

Strong and Safe New York Inc. and Atlas Strategy Group LLC

County of Residence of First Listed Defendant: New Castle County, DE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee *
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☒ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
47 USC 227(b)

Brief description of cause:
Violation of Telephone Consumer Protection Act using prerecorded or artificial voice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $4,500 + injunction

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

* Please respond to Part F on Page 2

PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO

**PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY**

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration: No

I, Hyunseoung Choi, counsel for Pro Se, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- ☑ the complaint seeks injunctive relief, or
- ☐ the matter is otherwise ineligible for the following reason:

**PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1**

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

**PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)**

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

**PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)**

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you* ***must select Office Code 2****.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? No
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? No
   b. Do the majority of defendants reside in Nassau or Suffolk County? No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? No
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? No
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

**PART E - BAR ADMISSION**

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. No

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? No  If yes, please explain:

PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No
2. Does this case require immediate attention of a judge? No

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

**Check Form to Validate Before Signing**

I certify the accuracy of all information provided above.

**Signature:** [signature]

Date: 10/05/2026

Revised 12.10.2025; Effective 12.10.2025

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| HYUNSEOUNG CHOI | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| STRONG AND SAFE NEW YORK INC. and ATLAS STRATEGY GROUP LLC | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ATLAS STRATEGY GROUP LLC

c/o Northwest Registered Agent LLC
5900 Balcones Drive, Suite 100
Austin, TX 78731

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Hyunseoung Choi (Pro Se)
43-10 Crescent St. Apt. 2705
Long Island City, NY 11101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: ____________________

____________________________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| HYUNSEOUNG CHOI | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| STRONG AND SAFE NEW YORK INC. and ATLAS STRATEGY GROUP LLC | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* STRONG AND SAFE NEW YORK INC.

c/o The Corporation
60 E 42nd Street, Ste. 4600
New York, NY 10165

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Hyunseoung Choi (Pro Se)
43-10 Crescent St. Apt. 2705
Long Island City, NY 11101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*